MEMORANDUM **
Joaquin Barragan appeals from the 46-month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.
Barragan contends that the district court erred at sentencing by failing to adequately consider the factors set forth in 18 U.S.C. § 3553(a), and by giving undue weight to the need for deterrence. He also contends that his sentence is unreasonable. We conclude that the district court did not procedurally err, and that the sentence is substantively reasonable. See United States v. Carty, 520 F.3d 984, 991-93 (9th Cir.2008) (en banc); see also United States v. Perez-Perez, 512 F.3d 514, 516-17 (9th Cir.2008).
Barragan’s contention that the district court violated his Sixth Amendment rights by enhancing his sentence beyond two years is, as he acknowledges, foreclosed. See United States v. Covian-Sandoval, 462 F.3d 1090, 1096-97 (9th Cir.2006).
In accordance with United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). See United States v. Herrera-Bianco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.