MEMORANDUM **
Luis Enrique Garibay appeals his conviction and 235-month sentence for violating the felon in possession provisions of 18 U.S.C. § 922(g)(1). Garibay argues the district court erred when it refused to suppress a gun discovered following his arrest, and imposed a procedurally and substantively unreasonable sentence.
The parties are familiar with the facts and we do not repeat them here. We AFFIRM.
A. Arrest and Search Incident to Arrest
On appeal, Garibay argues: (1) the district court erred in finding he lacked Fourth Amendment standing to challenge the entry into his sister’s house; (2) the entry into his sister’s house was illegal because the officers lacked a reasonable belief he could be found there; and (3) the district court erred in holding the officers seized the handgun as part of a lawful search incident to arrest.
Even assuming that Garibay had standing as an overnight guest, the officers properly arrested him and searched his room incident to that arrest.
1. Arrest
An arrest warrant by itself gives the government authority to enter a residence only if “there is reason to believe the suspect is within.” United States v. Gooch, 506 F.3d 1156, 1158 (9th Cir.2007) (quoting Payton v. New York, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).[1] In deciding whether the government had “reason to believe” Garibay was in his sister’s house, this court applies the same standard of reasonableness inherent in probable cause. See United States v. Gorman, 314 F.3d 1105, 1111 (9th Cir.2002). In this context, we thus look to “the totality of the circumstances ... at the time of the search,” United States v. Bishop, 264 F.3d 919, 924 (9th Cir.2001) (citation omitted), and ask if a “fair probability” existed that Garibay was in his sister’s house. See Illinois v. Gates, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (noting the connection between “fair *613 probability” and probable cause); United States v. Davis, 530 F.3d 1069, 1084 (9th Cir.2008).
Under the totality of the circumstances here, a “fair probability” existed that Gari-bay was present at his sister’s house when the officers entered. First, the officers knew their informant had provided reliable information about different suspects in the past. See United States v. Underwood, 717 F.2d 482, 483 (9th Cir.1983) (en banc) (explaining police can have a reasonable belief a suspect is present in a home based on a tip from a “reliable informant”). Moreover, this informant had a history of providing good information about Garibay in particular, correctly directing authorities to his location when he had previously violated the terms of his supervised release. Third, the tip was inherently plausible: it made sense that Garibay would stay with a relative such as his sister. Finally, on the afternoon the warrants were executed, the officers took steps to ensure the informant’s information was not stale. They surveilled the sister’s house and called the informant, who confirmed Garibay was present at the time and that it was Garibay’s vehicle parked in front of the house. In these circumstances, the government had a reasonable belief about Garibay’s presence and the entry was therefore legal.
We find no merit to Garibay’s argument that officers lacked a fair probability of finding him at his sister’s house because it was unknown whether the informant had any prior convictions involving dishonesty. While it is true that “[a]ny crime involving dishonesty necessarily has an adverse effect on an informant’s credibility,” United States v. Reeves, 210 F.3d 1041, 1045 (9th Cir.2000), an informant’s record of providing reliable tips in the recent past is “sufficient to overcome any doubts raised by his motives and prior criminal and personal behavior.” United States v. Elliott, 322 F.3d 710, 716 (9th Cir.2003). The inference of trustworthiness is even stronger when, as with this particular informant, “the information provided in the past involved the same type of criminal activity as the current information.” United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986) (citations omitted).
In light of the consistently accurate information this informant gave over a one- and-a-half-year time period involving the same type of criminal activity, any failure to inquire into the informant’s criminal history would be non-consequential. See Reeves, 210 F.3d at 1044-45 (holding that three prior reliable tips leading to drug seizures were “sufficient to outweigh the doubts about the informant’s credibility raised by the [undisclosed] history of criminal conduct involving dishonesty”).[2]
Considering the totality of the circumstances, a fair probability existed that Gar-ibay was present in his sister’s house. The officers’ entry into the house was therefore legal.
2. Search Incident to Arrest
When making a lawful arrest, police may conduct a warrantless search of the area within the arrestee’s immediate control and from which “he might gain possession of a weapon or destructible evidence.” Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Garibay recognizes this so-called “search incident to arrest” exception to the Fourth Amendment, but makes two arguments that the exception does not apply to *614 the handgun the officers recovered near his bed. Neither argument is persuasive.
Garibay first asserts that the search incident to arrest exception should not apply here because when the officers found the gun in Garibay’s bedroom, he was already outside the house and under arrest. Ninth Circuit case law forecloses this argument: this court has held on multiple occasions that officers may search an area inside a home incident to arrest even after an ar-restee has been removed. E.g., United States v. Hudson, 100 F.3d 1409 (9th Cir.1996); United States v. Turner, 926 F.2d 883 (9th Cir.1991).
Authority to search incident to arrest is not unlimited, however, and Garibay’s second argument challenges the sufficiency of the relationship between the search that yielded the handgun and his arrest inside the bedroom. To be valid, such a search must be temporally, spatially, and logically related to the arrest. See, e.g., United States v. Smith, 389 F.3d 944, 951 (9th Cir.2004); Hudson, 100 F.3d at 1419; Turner, 926 F.2d at 888.
Here, the parties do not dispute that the bedroom search occurred three to four minutes at the most after Garibay’s arrest and removal. The temporal factor thus mitigates in favor of a valid search incident to arrest. As to the spatial factor, Garibay does not dispute that the officers recovered the gun at the foot of the bed where he was laying, within 2 to 3 feet of him at the time of arrest. Because the handgun was within Garibay’s immediate control when he was arrested, the spatial factor also favors a valid search incident to arrest.
The third logical factor also favors a valid search because the search was part of a continuous sequence of events following the arrest. The record reflects that when the officers briefly detained and questioned Garibay’s girlfriend with him about other drugs or weapons, the officers were already planning to conduct a standard search of the immediate area for weapons and evidence, and to retrieve marijuana they had observed next to the bed. Garibay’s arrest and the search minutes later yielding the gun thus constitute a continuous sequence of events providing the logical relationship needed for a legal search.
Applying the three relevant factors thus shows that although the officers did not discover the handgun until after removing Garibay from his bedroom, the discovery was sufficiently related to the arrest so as to constitute a valid search incident to arrest.
B. Garibay’s Sentence
Garibay challenges both the procedural and substantive reasonableness of his 235-month sentence.
We review the procedural reasonableness of Garibay’s sentence de novo and its substantive reasonableness for an abuse of discretion. See United States v. Garro, 517 F.3d 1163, 1167 (9th Cir.2008). Because Garibay raises his sentencing arguments for the first time on appeal, review here is for plain error. See United States v. Knows His Gun, 438 F.3d 913, 918 (2006).
1. Procedural Reasonableness
Garibay contends the district court procedurally erred at sentencing when it failed to consider his “transitory possession” of the firearm as a mitigating factor under 18 U.S.C. § 3553(a). We disagree.
In imposing a procedurally reasonable sentence, a district court need only “set forth enough [reasons for its sentence] to satisfy the appellate court that [it] has considered the parties’ arguments and has a reasoned basis for exercising [its] own *615 legal decisionmaking authority.” Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Procedural reasonableness does not require that a sentencing judge refer to every § 3553(a) sentencing factor or mitigation argument a defendant raises. United States v. Perez-Perez, 512 F.3d 514, 516-17 (9th Cir.2008); United States v. Mix, 457 F.3d 906, 912 (9th Cir.2006). It is sufficient for a sentencing court merely to “articulate[ ] its reasoning” to a degree that permits “meaningful appellate review” of the sentence. Perez-Perez, 512 F.3d at 517.
The district court here provided sufficient reasons for its sentence and articulated its reasoning to a degree required for meaningful appellate review. The court reviewed the pre-sentence report, accounted for the guideline range, analyzed the relevant sentencing facts, and considered Garibay’s recidivist history. Notably, the only evidence to support the “transitory possession” argument was Garibay’s own conclusory assertion that he attempted to discard the gun, while other evidence pointed to the contrary.
Even if the district court erred in failing to adequately address the argument, under plain error review, no reasonable probability exists that the court would have imposed a different sentence.
2. Substantive Reasonableness
While we do not apply a presumption of reasonableness to within-guideline sentences, “a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal.” United States v. Carty, 520 F.3d 984, 988 (9th Cir.2008) (en banc). And, regardless of whether the sentence imposed is inside or outside the guideline range, the test for substantive reasonableness is whether the district court abused its discretion in imposing a sentence. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We consider the totality of the circumstances in determining whether the district court abused its discretion. Carty, 520 F.3d at 993.
Garibay was subject to a mandatory fifteen-year sentence as an armed career criminal, and the properly-calculated guideline range was 235 to 293 months. In light of Garibay’s offense conduct and his relevant offender characteristics, the district court did not abuse its discretion in imposing a 235-month sentence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The same analysis applies to defendants present in the home of a third party. See United States v. Gorman, 314 F.3d 1105, 1111 (9th Cir.2002).

. We note that nothing in the record indicates this particular informant had any previous criminal convictions involving dishonesty.