ORDER
Our April 7, 2009 order staying further proceedings and deferring the filing of a petition for rehearing and petition for rehearing en banc is vacated. We have now reviewed the supplemental briefing filed pursuant to our April 27, 2009, order and direct the Clerk to strike the Memorandum Disposition filed March 17, 2009 and file the attached disposition. The time to file a petition for panel rehearing or petition for rehearing en banc will commence with the filing of this new disposition.
MEMORANDUM **
Luis Enrique Garibay appeals his conviction and 235-month sentence for violating the felon in possession provisions of 18 U.S.C. § 922(g)(1). Garibay argues the district court erred when it refused to suppress a handgun discovered following his arrest, and imposed a procedurally and substantively unreasonable sentence. The parties are familiar with the facts and we do not repeat them here.
Even assuming that Garibay had standing as an overnight guest, the officers properly arrested him and subsequently made a plain view seizure of the handgun. We therefore affirm the district court’s denial of Garibay’s motion to suppress without reaching the search incident to arrest issue. See United States v. Murphy, 516 F.3d 1117, 1120 (9th Cir.2008) (citation omitted) (court of appeals may affirm the district court’s judgment on any ground supported by the record).[1]
An arrest warrant by itself gives the government authority to enter a residence only if “there is reason to believe the suspect is within.” United States v. Gooch, 506 F.3d 1156, 1158 (9th Cir.2007) (quoting Payton v. New York, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).[2] Under the totality of the circumstances here, a “fair probability” existed that Garibay was present at his sister’s house when the officers entered because a reliable informant provided the officers information regarding Garibay’s location, the tip was inherently plausible, and the offi *93 cers took steps to ensure the informant’s information was not stale.
Given the undisputed facts in this case, Deputy Graham made a valid plain view seizure of the handgun. Officers may seize evidence of a crime in plain view without a warrant provided they are lawfully in a position from which to view the evidence, they have a lawful right of access to the evidence, and its incriminating nature is immediately apparent. Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); Horton v. California, 496 U.S. 128, 134-37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). The record, which Garibay does not dispute, reflects that when the handgun was seized, at least its “handle and part of the frame” were plainly visible in a pile of clothes next to Garibay’s bed. Additionally, Deputy Graham was both lawfully in a position from which to view the handgun and had a lawful right to access it. Officers validly arrested Garibay in his sister’s house, smelled marijuana and observed a small bag of apparent marijuana during their initial entry, and seized the gun when they reentered to collect the marijuana. See United States v. Oaxaca, 569 F.2d 518, 522 (9th Cir.1978) (an officer may remove a suspect before returning to seize items that were in plain view). Finally, the handgun’s incriminating nature was immediately apparent because as a felon, Garibay was prohibited from possessing weapons on supervised release.
Garibay also challenges the procedural and substantive reasonableness of his 235-month sentence.[3] Garibay contends the district court procedurally erred at sentencing when it failed to consider his “transitory possession” of the firearm as a mitigating factor under 18 U.S.C. § 3553(a). We disagree.
The district court here provided sufficient reasons for its sentence and articulated its reasoning to a degree required for meaningful appellate review. See United States v. Perez-Perez, 512 F.3d 514, 516-17 (9th Cir.2008); United States v. Mix, 457 F.3d 906, 912 (9th Cir.2006). The court reviewed the pre-sentence report, accounted for the guideline range, analyzed the relevant sentencing facts, and considered Garibay’s recidivist history. Notably, the only evidence to support the “transitory possession” argument was Garibay’s own conclusory assertion that he attempted to discard the gun, while other evidence pointed to the contrary. Under plain error review, no reasonable probability exists that the court would have imposed a different sentence.
While we do not apply a presumption of reasonableness to within-guideline sentences, “a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal.” United States v. Carty, 520 F.3d 984, 988 (9th Cir.2008) (en banc), cert. denied, — U.S. -, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008).[4] Gari-bay was subject to a mandatory fifteen-year sentence as an armed career criminal, *94 and the properly-calculated guideline range was 235 to 293 months. In light of Garibay’s offense conduct and his relevant offender characteristics, the district court did not abuse its discretion in' imposing a 235-month sentence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We affirmed the district court's search incident to arrest ruling in a previous memorandum disposition, United States v. Garibay, 319 Fed.Appx. 611 (9th Cir.2009). The United States Supreme Court subsequently handed down Arizona v. Gant, — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), calling into question a number of authorities we relied upon in affirming the search incident to arrest ruling. After having ordered and reviewed supplemental briefing, we conclude we need not determine whether Gant overruled these authorities simply because the handgun seizure here was a valid plain view seizure.

. The same analysis applies to defendants present in the home of a third party. See United States v. Gorman, 314 F.3d 1105, 1111 (9th Cir.2002).

. We review the procedural reasonableness of Garibay's sentence de novo and its substantive reasonableness for an abuse of discretion. See United States v. Garro, 517 F.3d 1163, 1167 (9th Cir.2008). Because Garibay raises his sentencing arguments for the first time on appeal, review here is for plain error. See United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir.2006).

. The test for substantive reasonableness is whether the district court abused its discretion in imposing a sentence. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We consider the totality of the circumstances in determining whether the district court abused its discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).