**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

    v.

AROLDO PEREZ-PEREZ,
       *Defendant-Appellant.*

No. 06-30341

D.C. No.
CR-06-00054-001-
JLR

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
September 26, 2007—Seattle, Washington

Filed October 22, 2007
Amended January 4, 2008

Before: Betty Binns Fletcher, Andrew J. Kleinfeld, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

## COUNSEL

Jay W. Stansell, Assistant Federal Public Defender, Seattle, Washington, for appellant Aroldo Perez-Perez.

John McKay, United States Attorney, and Donald M. Reno, Jr., Special Assistant United States Attorney, Seattle, Washington, for appellee United States of America.

## ORDER

The opinion filed on October 22, 2007 and published at 506 F.3d 736 is AMENDED as follows.

The first sentence in the third full paragraph on page 738 states:

> Here, the sentencing judge expressly based the within-guidelines sentence on the defendant's extensive criminal history and the need for deterrence, while apparently considering—without explicit reference—Perez-Perez's mitigation arguments.

Immediately following this sentence, add the following sentence:

> That the defense's arguments were considered is clear from the transcript of the sentencing proceeding, during which the district court actively questioned and engaged the defense.

Footnote 1 states:

> However, specific articulation of the judge's consideration of the § 3553(a) factors, including those argued by the sentenced defendant, is helpful to the reviewing court.

Immediately following this sentence, add the following sentence:

> *See Rita*, 127 S.Ct. at 2468 ("Where the defendant
> . . . presents nonfrivolous reasons for imposing a dif-
> ferent sentence . . . the judge will normally . . .
> explain why he has rejected those arguments."); *cf.*
> *Gall v. United States*, 552 U.S. ____ (2007), No. 06-
> 7949, slip op. at 15 (Dec. 10, 2007) (noting that the
> sentencing judge is not required to "raise every con-
> ceivable relevant issue on his own initiative" but
> might be required to address any issue raised by the
> prosecutor).

The panel, as constituted above, has unanimously voted to deny the petition for panel rehearing. Judge Kleinfeld and Judge Gould voted to deny the petition for rehearing en banc, and Judge Fletcher has so recommended.

The petition for en banc rehearing has been circulated to the full court, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35(b).

The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions for rehearing or rehearing en banc will be accepted.

**IT IS SO ORDERED.**

---

## OPINION

GOULD, Circuit Judge:

Aroldo Perez-Perez was arrested in Seattle, Washington on February 7, 2006, and charged with illegal re-entry after being deported in violation of 8 U.S.C. § 1326(a). Perez-Perez waived indictment and pleaded guilty on March 8, 2006. In his plea agreement, he acknowledged that a previous conviction for possession with intent to distribute cocaine was an

aggravated felony subjecting him to a twenty-year enhancement of the maximum potential sentence under 8 U.S.C. § 1326(a)(2). Perez-Perez also admitted that he had been deported from the United States on two previous occasions, most recently on or about January 4, 2005, after serving his sentence for eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). The record also shows that Appellant has previous convictions for the possession or sale of cocaine in California and Washington State.

The district court conducted a sentencing hearing on June 5, 2006. The U.S. Probation Office recommended a sentence of 63-78 months based on the base offense level, Perez-Perez's criminal history and acceptance of responsibility, and a downward departure for Perez-Perez's participation in the district's immigration "fast track" program. The probation office's final recommendation was for 62 months and two weeks, reflecting a bottom-of-the-guideline sentence of 63 months minus two weeks for time served. Perez-Perez concurred in the calculation as a part of his plea agreement.

In his Sentencing Memorandum, Perez-Perez requested that the district court reduce the sentence to within a range of 46-57 months in light of several factors that he claimed were relevant under 18 U.S.C. § 3553(a). Specifically, Perez-Perez argued that his prior felony drug offense was *de minimis* in nature, that his current arrest was improper under the Fourth Amendment because of alleged racial profiling, that he had recovered from drug addiction—which he alleged to be the cause of his prior criminal activity—and that he was motivated to return to the U.S. because his family was located here.

The district court sentenced Perez-Perez to 62 months and two weeks. In stating the reasons for the sentence, the district court stressed Perez-Perez's extensive criminal history and the need for deterrence in light of Perez-Perez's prompt reen-

try into the U.S. following his prior deportations. Despite justifying the sentence under these 18 U.S.C. § 3553(a) factors, the sentencing judge did not expressly address the defendant's specific arguments. Perez-Perez argues that in so doing the district court failed to comply with § 3553(a) and (c).

This Court has jurisdiction to review Perez-Perez's within-guideline sentence, *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006) (as amended), and does so to determine whether the sentence was unreasonable, *United States v. Booker*, 543 U.S. 220, 260 (2005). We conclude that it was not.

**[1]** A district court must only state the reasons for the sentence imposed. *See Rita v. United States,* 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *see also Plouffe*, 445 F.3d at 1131 ("[S]entencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted.").

**[2]** Here, the sentencing judge expressly based the within-guidelines sentence on the defendant's extensive criminal history and the need for deterrence, while apparently considering —without explicit reference—Perez-Perez's mitigation arguments. That the defense's arguments were considered is clear from the transcript of the sentencing proceeding, during which the district court actively questioned and engaged the defense. This is sufficient under the Supreme Court's decision in *Rita* and this Court's earlier authority.[1] *See Rita*, 127 S. Ct.

---

[1]However, specific articulation of the judge's consideration of the § 3553(a) factors, including those argued by the sentenced defendant, is helpful to the reviewing court. *See Rita*, 127 S.Ct. at 2468 ("Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally . . . explain why he has rejected those arguments."); *cf. Gall v. United States*, 552 U.S. ____ (2007), No. 06-7949, slip op. at 15 (Dec. 10, 2007) (noting that the sentencing judge is not required to "raise every conceivable relevant issue on his own initiative" but might be required to address any issue raised by the prosecutor).

at 2469 (affirming district court where it "considered" defen-dant's arguments by listening to defendant's claims of physi-cal ailments, prior commendable work experience and lengthy military service and determined, without further comment, that a lower sentence was "inappropriate" despite these miti-gating factors); *see also United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006) (holding that Section 3553(a) "does not necessitate a specific articulation of each factor sep-arately"). We conclude that the district court reached a rea-sonable conclusion after properly considering the § 3553(a) factors, and that it articulated its reasoning to the degree required for meaningful appellate review.

**AFFIRMED**.