**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Robert Edward RUIZ, Defendant–**
**Appellant.**

**No. 06–50196.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Antoine F. Raphael, USR–Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Jerry Sies, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Robert Edward Ruiz appeals from the 197–month sentence imposed following his jury-trial conviction for possession of equipment which may be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

▉ Ruiz contends that his above Guidelines range sentence violates 18 U.S.C. § 3553(a) and that it was greater than necessary to accomplish the purposes set forth in § 3553(a). The record shows, however, that the district court considered the factors under § 3553(a), heard arguments from both parties, and clearly stated its reasons for imposing the sentence. The district court articulated its reasoning to the degree required for meaningful appellate review. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007); *see also United States v. Perez–Perez,* 512 F.3d 514, 516–17 (9th Cir.2008). Therefore, we cannot say that Ruiz's sentence was not unreasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007).

▉ Ruiz also contends that the district court failed to comply with 18 U.S.C. § 3553(c) when it failed to state in writing "with specificity" in the judgment and commitment order its reasons for imposing a sentence outside the Guidelines range. Because those reasons are on the record and we have not determined that the sentence is too high, we may affirm the sentence. *See United States v. Daychild,* 357 F.3d 1082, 1107–08 (9th Cir.2004); *see also* 18 U.S.C. § 3742(f).

▉ Ruiz further contends that because his sentence exceeded the calculated Guidelines range, the sentence violated the Sixth Amendment and the ex post facto principles of the Due Process Clause. These contentions are foreclosed. *See*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Dupas,* 419 F.3d 916, 919–21 (9th Cir.2005).

Finally, Ruiz contends that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) when it imposed a three-level enhancement based on facts not admitted or proved beyond a reasonable doubt. This contention is without merit. *See Booker,* 543 U.S. at 230–32, 125 S.Ct. 738.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.