**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Davy KENFIELD, Defendant–**
**Appellant.**

**No. 07–30223.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2008.*

Filed March 21, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ,** District Judge.

MEMORANDUM ***

Davy Kenfield appeals the district court's denial of his suppression motion and his sentence for receipt and possession of child pornography. *See* 18 U.S.C. § 2252A(a)(2), (a)(5)(B). We affirm.

1. Regarding the suppression motion: Although "[i]t is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable .... the warrant requirement is subject to certain exceptions." *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (internal quotation and citation omitted). "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury." *Id.*

We review contentions that such an emergency justified a warrantless home entry under a two-pronged test, asking whether:

(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need.

*United States v. Snipe,* 515 F.3d 947, 952 (9th Cir.2008). "[I]f law enforcement, while responding to an emergency, discovers evidence of illegal activity, that evidence is admissible even if there was not probable cause to believe that such evidence would be found." *Id.* (quotation marks and alteration omitted).

Deputy Cameron's search meets the *Snipe* test. First, he had a reasonable basis for concluding that there was an immediate need to protect a minor female from serious harm. Cameron was searching for the girl at the request of her

** The Honorable Philip S. Gutierrez, District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

grandmother. The sheriff's office had received an anonymous phone call saying the girl was out getting drunk with Kenfield. He first established that the girl had lied to her grandmother about her whereabouts. By the time he arrived in front of Kenfield's trailer, Cameron had good reason to believe the girl was there with two other older male friends of hers, one of whom owned the pickup truck parked in front of the trailer. Cameron had seen the three of them driving together in the same pickup truck on prior occasions. He also knew that Kenfield had "proclivities to have young girls," and that Kenfield had a history of sexually deviant behavior. As Cameron approached Kenfield's trailer, he smelled marijuana and, when he knocked on the door, heard the music inside stop playing, saw the lights go out, and heard running feet. We agree with the district court that, considering the totality of the circumstances, Cameron reasonably believed that he had to act quickly to retrieve the juvenile. Indeed, "[t]his is a case where the police would be harshly criticized had they not investigated." *United States v. Black*, 482 F.3d 1035, 1040 (9th Cir.2007)

The second *Snipe* prong is also satisfied. Once inside Kenfield's trailer, Cameron confined his search to locating the juvenile and the other people inside. He observed Kenfield's attempts to flush what appeared to be drugs down the sink, and noted other drugs and drug paraphernalia in open view in the course of this search, but the search itself was confined to what was necessary to locate and protect the juvenile.

Cameron's search did not violate the Fourth Amendment. We therefore affirm the district court's denial of Kenfield's suppression motion.

■ 2. Regarding the sentence: Kenfield contends that the sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court failed to consider his "history and characteristics" under 18 U.S.C. § 3553(a)(1), and that the district court failed reasonably to justify the sentence, as required by 18 U.S.C. § 3553(c).

The district court observed that Kenfield had "a long history of sexual deviance and sex-offense conduct," and possessed "a large amount of child pornography," including depictions of sadism. In view of these circumstances, as well as the fact that Kenfield's arrest arose from an incident involving "drugs and [the] presence of minors and child pornography and guns," the court sentenced Kenfield to the upper end of the advisory Sentencing Guidelines range.

We review the sentence for abuse of discretion, *see Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), and find neither procedural errors in the sentencing process, nor that the sentence was substantively unreasonable. *See id.* "In the mine run of cases," a Guidelines sentence will be reasonable. *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007). Kenfield's sentence was reasonable in light of the circumstances discussed by the district court.

The district court adequately considered Kenfield's "history and characteristics." Evidence of Kenfield's physical abuse during childhood, mental health history, and employment history were in the Pre–Sentence Report, which the district court reviewed and accepted. The district court further noted it would give "full weight" to a mental health evaluation in the record. Therefore, the district court's consideration of Kenfield's history and characteristics was sufficient.

Nor did the district court fail adequately to explain its sentencing decision. *See* 18 U.S.C. § 3553(c). A sentencing judge need only "set forth enough to satisfy the

appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita,* 127 S.Ct. at 2468. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Id.* The court here imposed a within Guidelines sentence and nonetheless explained its reasoning at some length. That Kenfield feels that the court should have given more weight to other aspects of his background does not mean the court committed reversible error. *See United States v. Perez–Perez,* 512 F.3d 514, 516 (9th Cir.2008).

**Affirmed.**