**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Oscar SALOME–URIAGA, also known as Oaxaca, Defendant—Appellant.**

No. 07–30210.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Helen J. Brunner, Esq., Todd L. Greenberg, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Oscar Salome–Uriaga appeals from the 97–month sentence imposed following his guilty-plea conviction for conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Salome–Uriaga contends that the district court erred in denying his motion to strike the government's sentencing memorandum. He asserts that the government breached the plea agreement by introducing evidence that was beyond the scope of the information that the agreement set forth as the factual basis for his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty plea. We reject this contention because the district court properly found that the plea agreement did not restrict the government from introducing additional facts at sentencing. *See United States v. Transfiguracion*, 442 F.3d 1222, 1227 (9th Cir.2006). In addition, these facts did not impact Salome–Uriaga's base offense level and the sentence requested by the government was within the guidelines range stipulated to in the plea agreement. *See United States v. Franco–Lopez*, 312 F.3d 984, 992–93 (9th Cir.2002).

Salome–Uriaga also contends that the district court was required under Western District of Washington Local Rule Criminal Rule 32(c)(1) to advise him that he had the right to an evidentiary hearing concerning disputed sentencing facts. We reject this contention because no advisement is required under the rule. *See* W.D. Wash. Cr. R. 32(c)(1).

Salome–Uriaga further asserts that his sentence was greater than necessary because his criminal history was overrepresented and that the sentence created an unwarranted sentencing disparity. The record reflects, however, that the district court considered these arguments and conducted a thorough 18 U.S.C. § 3553(a) analysis. *See United States v. Perez–Perez*, 512 F.3d 514, 516 (9th Cir.2008); *see also United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.2006). In addition, the sentence imposed is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).