**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronue FRANKLIN, aka Seal A., Defendant—Appellant.**

No. 07–50504.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 15, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esquire, Assistant U.S., Fred Wallace Slaughter, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Yolanda Barrera, Esquire, Law Office of Yolanda Barrera, Monrovia, CA, for Defendant–Appellant.

Before: WALLACE, TROTT and RYMER, Circuit Judges.

MEMORANDUM **

Ronue Franklin appeals from the 252–month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Franklin contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) factors and his mitigation arguments. The record, however, establishes that the district court considered both, and therefore Franklin's procedural argument is without merit. *See*

** This disposition is not appropriate for publication and is not precedent except as provid-

*United States v. Perez–Perez*, 512 F.3d 514, 516 (9th Cir.2008); *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (noting that a sentencing court need not "tick off each of the § 3553(a) factors to show that it has considered them"); *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir.2008) (no lengthy explanation for sentence required where record indicates sentencing judge considered the evidence and arguments).

The 252 month sentence was the lowest possible within-Guideline sentence available to the district court, and in light of Franklin's criminal history, the sentence was reasonable and not an abuse of the district court's discretion. *See Carty*, 520 F.3d at 994 (noting that a within-Guideline sentence will usually be reasonable). The district court did not abuse its discretion in rejecting Franklin's argument that he be sentenced as if he was not a "career offender." *See* U.S.S.G. § 4B1.1 (Nov.2007).

**AFFIRMED.**

