**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10494 |
| Plaintiff–Appellee, | D.C. No. 2:09-cr-00362-EJG-1 |
| v. | |
| SUE VUE, | MEMORANDUM [*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Submitted December 6, 2011 [**]
San Francisco, California

Before:  LUCERO, [***] CALLAHAN, and N.R. SMITH, Circuit Judges.

Sue Vue appeals his conviction for being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1).  Exercising jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

§ 1291, we affirm.

We see no reversible error in the prosecutor's statement to the jury that "[t]here's lots of evidence you don't have." This statement was nested in an argument that there was sufficient evidence to convict despite the "open questions" in the case and that the jury need not be certain of Vue's guilt "beyond all possible doubt." We thus see no indication that the prosecutor's statement "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quotation omitted).

Nor did the district court abuse its discretion by responding to juror inquiries by re-reading portions of the jury instructions. Vue does not contest that these instructions accurately stated the law. Because the district court did not mislead the jury with its response, there was no abuse of discretion. See United States v. Bussell, 414 F.3d 1048, 1058 (9th Cir. 2005) ("[B]ecause a defendant is not entitled to any particular form of instructions, we review their precise formulation for abuse of discretion only." (quotation omitted)).

We need not determine whether the district court's re-reading of trial testimony at the jury's request was plain error, because we determine that any potential error was harmless. United States v. Newhoff, 627 F.3d 1163, 1167 (9th Cir. 2010) ("Failure to give such an admonition, assuming that it is error, does not

permeate the entire framework of the trial, but is simply an error in the trial process. Because it is not structural, it can lead to reversal only if prejudicial."). Newhoff lays out five elements that a proper admonition must contain. 627 F.3d at 1168. The district court essentially conveyed the substance of these elements when denying the jury's first request for the reading of the testimony, but did not reiterate these elements when it ultimately granted the jury's second request and allowed the testimony to be read. Although the Newhoff admonitions did not immediately precede the re-read, they were not so temporally distant as to "seriously affect[] the fairness, integrity or public reputation of the judicial proceedings." United States v. Recio, 371 F.3d 1093, 1100 (9th Cir. 2004) (quotation omitted). Accordingly, the error (if any) was harmless.

There was also no "significant procedural error," see United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008), in the district court's imposition of a "stolen gun" sentence enhancement under U.S.S.G. § 2K2.1(b)(4)(A). A court is not required to make explicit reference to a defendant's mitigation arguments where it is clear from the record that the court considered those arguments. United States v. Perez-Perez, 512 F.3d 514, 516 (9th Cir. 2008). Vue's arguments on this point were acknowledged by the district court when it stated that Vue was already eligible for the maximum statutory sentence even without that particular

3

enhancement.

Finally, we reject Vue's argument that the district court erred in declining to judicially estop the prosecution from arguing for the "stolen gun" enhancement. It was not contradictory for the government to pursue the enhancement while also seeking a forfeiture order of the gun in question. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (indicating that judicial estoppel requires reliance on contradictory arguments). As such, there was no basis for estopping any of the prosecution's arguments made at sentencing. See United States v. Garcia, 37 F.3d 1359, 1366-67 (9th Cir. 1994).

**AFFIRMED**.