**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> SALVADOR GARCIA-REAL, a.k.a. Antonio Garcia, a.k.a. Salvador Real-Garcia, <br><br> Defendant - Appellant. | No. 10-10575 <br><br> D.C. No. 2:04-cr-00470-FCD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted December 19, 2011**

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Salvador Garcia-Real appeals from the 24-month sentence imposed

following revocation of supervised release.  We have jurisdiction under

28 U.S.C. § 1291, and we vacate and remand.

Garcia-Real contends that the court failed to explain sufficiently why it

elected to impose a sentence of imprisonment in his supervised release case.  This

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

argument is meritless. The record makes clear that the court explained its decision, which was consistent with U.S.S.G. § 7B1.3(a)(1) and (f).

Garcia-Real also contends that the court failed to address his arguments regarding breach of trust and cultural assimilation. The court entertained and responded adequately to his arguments. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Garcia-Real also argues that the district court relied on an inaccurate characterization of his criminal history in selecting a sentence. This contention has merit. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (selection of sentence based on clearly erroneous facts constitutes procedural error). The record reflects that the district court selected the sentence based in part on its understanding that Garcia-Real repeatedly engages in dangerous criminal conduct following his illegal reentries, an understanding that is refuted by the record. (*See* PSR ¶¶ 20-34, 43, 65.) Because Garcia-Real's substantial rights were affected by the error and because the error seriously affects the fairness of the proceedings, we exercise our discretion to remand. *See United States v. Olano*, 507 U.S. 725, 734-36 (1993). Our resolution of this issue renders it unnecessary to reach Garcia-Real's arguments regarding staleness and due process.

**VACATED and REMANDED.**