**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30112 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00118-JWS |
| v. | |
| VINCENT LEE EVANS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted February 21, 2012[**]

Before:      FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Vincent Lee Evans appeals from the 72-month sentence imposed following

his guilty-plea conviction for possession of child pornography, in violation of

18 U.S.C. § 2252(a)(4)(B) and (b)(2).  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Evans first contends that the district court committed procedural error by failing to consider the mitigating evidence set forth in his psychological evaluation. This contention fails because the record reflects that the court did consider this evidence in selecting Evans's sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Evans also contends that the sentence is substantively unreasonable because it overemphasizes the need for deterrence and fails to account for his mitigating characteristics. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Evans's below-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, Evans contends that the district court erred by imposing a special condition of supervised release requiring him to submit to alcohol testing. This contention fails because the condition is reasonably related to the sentencing goals of deterrence and rehabilitation, and "involve[s] no greater deprivation of liberty than is reasonably necessary" in light of these goals. *See United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (quotation marks and citation omitted).

**AFFIRMED.**

11-30112