**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50011 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04069-JAH |
| v. | |
| DANIEL DUARTE PLANCARTE, a.k.a. Daniel Duarte-Plancarte, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Daniel Duarte Plancarte appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plancarte contends that the district court procedurally erred by failing to (i) consider all of the 18 U.S.C. § 3553(a) sentencing factors, (ii) address his mitigating arguments, and (iii) explain the sentence imposed. He also argues that the court relied on an improper sentencing factor, namely the length of the sentence imposed for a prior conviction. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly considered the section 3553(a) sentencing factors, including the need to deter. Moreover, the court listened to Plancarte's policy and mitigating arguments, and adequately explained the sentence imposed. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Plancarte also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Plancarte's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence 17 months below the advisory Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

12-50011