FILED

SEP 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

MISAEL CORONA-ROMERO,

        Defendant - Appellant.

No. 12-10621

D.C. No. 4:12-cr-00333-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Daniel L. Hovland, District Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Misael Corona-Romero appeals from the district court's judgment and

challenges the 77-month sentence imposed following his guilty-plea conviction for

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota, sitting by designation.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Corona-Romero contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, and by failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Although the district court did not explicitly reject the arguments raised by Corona-Romero, the record reflects that the court considered those arguments along with the section 3553(a) sentencing factors, and adequately explained the sentence imposed. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Corona-Romero also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Corona-Romero's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 77-month sentence at the bottom of the Guidelines is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Corona-Romero's criminal history. *See id.*

**AFFIRMED.**