**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50546 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04288-WQH |
| v. | |
| JUAN MOLINA-CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Juan Molina-Cruz appeals from the district court's judgment and challenges the 48-month sentence imposed following his jury-trial conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Molina-Cruz contends that the district court procedurally erred by (i) relying on an improper sentencing factor and failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, (ii) failing to consider his mitigating arguments, and (iii) failing to explain the need for the sentence imposed. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly considered the section 3553(a) sentencing factors and Molina-Cruz's mitigating arguments, did not consider any improper sentencing factors, and adequately explained the sentence imposed. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Molina-Cruz also contends that the district court erred by not awarding him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The district court did not clearly err in determining that Molina-Cruz did not qualify for this reduction. *See* U.S.S.G. § 3E1.1 cmt. n.2; *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088-90 (9th Cir. 2004).

Molina-Cruz further contends that the procedural errors rendered his sentence substantively unreasonable. The district court did not abuse its discretion in imposing Molina-Cruz's sentence. *See Gall v. United States*, 552 U.S. 38, 51

(2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**