**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-50070 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02800-JAH |
| v. | |
| DAVID BARRERA-VALDIVIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

David Barrera-Valdivia appeals from the district court's judgment and

challenges the 72-month sentence imposed following his guilty-plea conviction for

importation of a controlled substance, in violation of 21 U.S.C. §§ 952 and 960.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Barrera-Valdivia contends that the district court erred by failing to consider the factors enumerated in the commentary to the minor role Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), and explain why he was not entitled to a minor role adjustment under those factors. The record reflects that the court considered Barrera-Valdivia's sentencing arguments concerning the five Guideline factors, and asked questions regarding those arguments. Under these circumstances, it is clear that the court considered the Guideline factors and their application to this case. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008). Moreover, the court's reasons for denying a minor role adjustment are apparent from the record. *See Rita v. United States*, 551 U.S. 338, 359 (2007).

**AFFIRMED.**