**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50156 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02725-LAB |
| v. | |
| FRANCISCO TEMBLADOR-SANDOVAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Francisco Temblador-Sandoval appeals from the district court's judgment

and challenges the 52-month concurrent sentences, and 5-year concurrent

supervised release terms, imposed following his guilty-plea convictions for

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

importation of cocaine and heroin, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Temblador-Sandoval first contends that the district court erred by denying his request for a minor role reduction under U.S.S.G. § 3B1.2.  We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).  Contrary to Temblador-Sandoval's contention, the court did not deny his request for a minor role reduction based on a misunderstanding of how the amended guideline applies to drug couriers or superseded law.  Rather, the court properly considered the minor role Guideline and its amended commentary, and the totality of the circumstances, to determine whether Temblador-Sandoval was "substantially less culpable than the average participant."  U.S.S.G. § 3B1.2(A), (C).  Moreover, under the facts of this case, particularly Temblador-Sandoval's repeated border crossings with drugs, the court did not abuse its discretion in finding that Temblador-Sandoval was not a minor participant in the offense.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Temblador-Sandoval next contends that the district court procedurally erred by failing to explain why it was imposing a term of supervised release and to address his two primary arguments in favor of a below-Guidelines sentence.  The

16-50156

court did not err. It stated that a supervised release term would help ensure that Temblador-Sandoval did not return to the United States after his release. In addition, the record reflects that the court considered Temblador-Sandoval's mitigating arguments and adequately explained the mid-range sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Finally, Temblador-Sandoval contends that his five-year term of supervised release is substantively unreasonable. Notwithstanding the district court's observation that Temblador-Sandoval was not likely to reoffend, the court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence and protection. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**