NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50274 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-03011-LAB |
| v. | |
| RAFAEL URQUIDEZ-NAVA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Rafael Urquidez-Nava appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Urquidez-Nava contends that the district court procedurally erred by failing to address his non-frivolous arguments for a lower sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the court considered Urquidez-Nava's mitigating arguments and was not persuaded that they warranted a lower sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Urquidez-Nava next contends that the sentence is substantively unreasonable because the district court gave undue weight to his criminal and immigration history and failed to consider unwarranted sentencing disparities. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court properly considered Urquidez-Nava's immigration history in determining whether to grant a fast-track departure and what sentence to impose. *See United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015). The 18-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States v. Marcial-Santiago*, 447 F.3d 715, 718-19 (9th Cir. 2006) (sentencing disparities that result from the fast-track program are not unwarranted

and, as such, do not violate 18 U.S.C. § 3553(a)(6)).

**AFFIRMED.**