**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30015 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00104-SAB |
| v. | |
| WILLIAM CLINTON PALMER, III, a.k.a. William Pullman, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted September 12, 2018[**]

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

William Clinton Palmer, III, appeals from the district court's judgment and challenges the 27-month sentence imposed following his guilty-plea conviction for failure to register, in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Palmer contends that the district court procedurally erred by failing to address his non-frivolous argument that the time he spent in solitary confinement as part of his pre-trial detention warranted a lower sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered all of Palmer's mitigating arguments and was not persuaded that they warranted a lower sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Palmer next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Palmer's prior escape conviction and his performance on supervised release. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**