**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10557 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01121-FRZ |
| v. | |
| RIGOBERTO LOPEZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Rigoberto Lopez-Martinez appeals from the district court's judgment and challenges the 18-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lopez-Martinez contends that the district court procedurally erred by failing to address his non-frivolous arguments in support of a downward variance and by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Lopez-Martinez's arguments and was not persuaded that a below-Guidelines sentence was warranted. The district court sufficiently explained its reasons for imposing an 18-month sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Lopez-Martinez next contends that the sentence is substantively unreasonable. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Lopez-Martinez's immigration history and the failure of prior sentences to deter him from further criminal conduct. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-10557