**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50438 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00105-JGB-1 |
| v. | |
| NOE HERNANDEZ-VEGA, a.k.a. Noe Hernandez Vega, a.k.a. Noe Vega Hernandez, a.k.a. Noe Vega-Hernandez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted December 17, 2018**

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Noe Hernandez-Vega appeals from the district court's judgment and

challenges the 132-month sentence imposed following his guilty-plea conviction

for possession with intent to distribute methamphetamine and aiding and abetting,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

The government argues that Hernandez-Vega waived the right to appeal his sentence. We conclude that the waiver is unenforceable because the district court unambiguously advised Hernandez-Vega that he had the right to appeal. *See United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995).

Hernandez-Vega contends that the district court procedurally erred by failing to respond to his argument that a lesser sentence was necessary to avoid an unwarranted disparity with the sentences his co-defendants received. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and conclude that there is none. The record reflects the district court considered Hernandez-Vega's disparity argument and was not persuaded that it warranted a lower sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Hernandez-Vega also argues that this court should remand to the district court to modify standard conditions five, six, and fourteen, which were held to be unconstitutionally vague after the district court sentenced Hernandez-Vega. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 133 (2018). We remand for the district court to modify these conditions

2

17-50438

consistent with our opinion in *Evans*.

**AFFIRMED in part; VACATED and REMANDED in part with instructions.**