**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30100 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00006-DLC-1 |
| v. | |
| MAX EDWARD SAMANIEGO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Max Edward Samaniego appeals from the district court's judgment and

challenges the eight-month sentence imposed upon the second revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Samaniego contends that the sentence is substantively unreasonable.  He

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

maintains that home confinement would have satisfied the sentencing factors, and that the district court's sentencing decision was based on the court's lack of patience with him and failed to account adequately for his mitigating arguments. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including, as the district court highlighted, Samaniego's poor performance on supervision. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). The record reflects that the district court considered Samaniego's arguments in favor of home confinement, *see United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008), and does not support Samaniego's contention that the district court relied on improper sentencing factors. Contrary to Samaniego's argument, the fact that the home confinement he recommended might have also satisfied the sentencing factors does not show that the eight-month sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51-52.

**AFFIRMED.**