**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMUNDO PALERMO-HERNANDEZ,
AKA Adan Baez-Cruz,

Defendant-Appellant.

Nos. 20-10035
        20-10036

D.C. Nos.
4:16-cr-02372-CKJ-EJM-1
4:19-cr-01192-CKJ-EJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

In these consolidated appeals, Raymundo Palermo-Hernandez appeals from

the 41-month sentence imposed for reentry of a removed alien, in violation of 8

U.S.C. § 1326, and the 21-month sentence imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Palermo-Hernandez contends that the district court procedurally erred by failing to consider his arguments and the 18 U.S.C. § 3553(a) sentencing factors, and by failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Palermo-Hernandez's arguments for a shorter and fully concurrent sentence, considered the relevant § 3553(a) sentencing factors, and adequately explained its determination that the aggregate, partially consecutive sentence was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (a sentencing judge need not expressly address every sentencing argument).

Palermo-Hernandez next contends that the revocation sentence is substantively unreasonable because it does not run fully concurrent to the sentence for his new criminal conviction. The aggregate sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including, as the district court noted, Palermo-Hernandez's significant immigration and criminal history. *See United States v. Gall*, 552 U.S. 38, 51 (2007); *see also* U.S.S.G. § 7B1.3(f).

**AFFIRMED.**