**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10129 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00336-JAD-CWH-1 |
| v. | |
| HARRISON JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Harrison Johnson appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United*

*States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Johnson contends that the district court abused its discretion by: (1) treating U.S.S.G. § 1B1.13 as binding; (2) concluding, contrary to the parties' agreement, that he had not shown extraordinary and compelling reasons for compassionate release; and (3) failing to consider the mitigating factors under 18 U.S.C. § 3553(a) and adequately explain its reasons for denying relief. We need not resolve Johnson's arguments regarding § 1B1.13 because the district court made clear that, even if Johnson had established that his medical conditions were extraordinary and compelling under § 1B1.13, it would deny relief under § 3553(a). *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court may deny compassionate release based on the § 3553(a) factors alone).

Contrary to Johnson's contention, the district court did not abuse its discretion in denying relief under § 3553(a). The court specifically acknowledged Johnson's rehabilitative efforts, accumulation of good time credits, and family support, but reasonably concluded that those factors were outweighed by the seriousness of Johnson's offense, his criminal history, and his prison disciplinary violations. Moreover, the court adequately explained its reasons for denying relief. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965, 1967 (2018); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (district court need not explicitly reference each of defendant's mitigating arguments).

**AFFIRMED.**

21-10129