**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30113 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00009-DLC-1 |
| v. | |
| DOUGLAS JAMES GOSNELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Douglas James Gosnell appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gosnell contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consider his mitigating arguments and the 18 U.S.C § 3583(e) factors, and by failing to provide sufficient explanation for the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Gosnell's mitigating circumstances, including his medical conditions and mental health concerns, as well as the relevant § 3583(e) factors, and adequately explained that the statutory maximum sentence was warranted to sanction Gosnell's breach of the court's trust. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (district court need not specifically address each of the defendant's arguments to show that it has considered them).

Gosnell also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances, including Gosnell's significant breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Moreover, the record does not support Gosnell's contention that the district court impermissibly imposed the sentence to punish his violation conduct. *See Simtob*, 485 F.3d at 1063.

**AFFIRMED.**

21-30113