**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10340 |
| Plaintiff-Appellee, | D.C. No. 4:07-cr-00513-JGZ-JR-1 |
| v. | |
| MANUEL FELICIANO BORREGO, Sr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 17, 2022**

Before:      S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Manuel Feliciano Borrego, Sr., appeals from the district court's judgment

and challenges the 36-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Borrego contends that the district court erred by failing to consider

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

sufficiently his argument that his supervised release violations were driven by his substance abuse. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record demonstrates that the district court discussed Borrego's substance abuse issues at length and sufficiently explained its reasons for imposing the above-Guidelines sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Borrego also argues that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including the need to provide adequate deterrence and protect the public, and Borrego's multiple breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (holding that the primary purpose of a revocation sentence is to sanction the defendant's breach of the court's trust).

**AFFIRMED.**