**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ROBERTO RAMOS,<br><br>    Defendant-Appellant. | No. 18-50042<br><br>D.C. No. 2:17-cr-00491-PSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Roberto Ramos appeals the eight-month custodial sentence and five-year

term of supervised release imposed upon revocation of supervised release. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramos contends that the district court procedurally erred by failing to

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

respond to his mitigating arguments and explain the sentence. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and conclude that there is none. The record shows that the district court considered Ramos's mitigating arguments. Moreover, it explained the sentence adequately, noting Ramos's breaches of the court's trust. *United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008). Ramos has not shown a reasonable probability that he would have received a different sentence had the district court said more. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Ramos next argues that the sentence is substantively unreasonable because the district court failed to give adequate weight to the Guidelines and to Ramos's mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines custodial sentence and five-year term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Ramos's decision to leave the residential treatment program and failure to report to probation. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Finally, Ramos argues that the written judgment conflicts with the district court's oral pronouncement of sentence. The record indicates that there is no conflict. In both the written judgment and the oral pronouncement, the district

court reimposed the terms and conditions imposed upon Ramos's first revocation, but with one modification: upon release, Ramos must enter a residential substance abuse treatment program for a period not to exceed six months. The record reflects that this new condition was intended to replace condition number one in the November 1, 2017, judgment, and that satisfaction of the new condition would meet the requirements of condition number five in the November 1, 2017, judgment.

**AFFIRMED.**