**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50214 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04391-LAB-1 |
| v. | |
| RUBEN OSCAR ROBLES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 11, 2019[**]

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Ruben Oscar Robles appeals from the district court's judgment and

challenges the 78-month custodial sentence and 5-year term of supervised release

imposed following his guilty-plea conviction for importation of methamphetamine,

heroin, and cocaine, in violation of 21 U.S.C. §§ 952, 960, and 18 U.S.C. § 2.   We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

Robles contends that the district court procedurally erred by failing to consider or address his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Robles's arguments for a downward variance and adequately explained its reasons for imposing a within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court was not required to specifically address each of Robles's arguments. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Robles also contends that the district court plainly erred by miscalculating the supervised release Guidelines range. The district court's statement that Robles faced "three years to life" was error, regardless of whether the court was referring to the statutory term or the advisory Guideline range for supervised release. *See* U.S.S.G. § 5C1.2 cmt. n.9 (if defendant is safety valve eligible, he is exempt from the statutory minimum term of supervised release); *id*. § 5D1.2(a)(1) (applicable Guidelines range for supervised release is two to five years). Accordingly, we vacate the district court's judgment and remand for resentencing as to the supervised release term only. *See Molina-Martinez v. United States*, 136 S. Ct.

18-50214

1338, 1346 (2016) ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome.").

**AFFIRMED in part; VACATED and REMANDED in part.**

18-50214