NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50192 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00203-ODW-1 |
| v. | |
| OTIS JAMES MIXON, AKA James Otis Mixon, AKA Otis James Mixon, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted June 11, 2019[**]

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Otis James Mixon appeals from the district court's judgment and challenges

the 42-month sentence and three conditions of supervised release imposed

following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C.

§ 2113(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

vacate and remand in part.

Mixon contends that the district court procedurally erred by failing to address his non-frivolous arguments in support of a lesser sentence. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Mixon's arguments and explained its reasons for imposing the below-Guidelines sentence, including the nature of the offense and Mixon's criminal history. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (sentencing judge need not expressly address every sentencing argument). Mixon also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

Lastly, Mixon challenges standard supervised release conditions five, six, and fourteen in the written judgment. The government concedes, and we agree, that these conditions are unconstitutionally vague. *See United States v. Evans,* 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied,* 139 S. Ct. 133 (2018). We therefore remand for the district court to modify conditions five, six, and fourteen consistent with our opinion in *Evans.*

Mixon's unopposed motion to file the opening brief under seal, and the government's unopposed motion to file the answering brief under seal, are granted. The Clerk will maintain Docket Entry Nos. 9 and 17 under seal.

**AFFIRMED in part; VACATED and REMANDED in part.**

18-50192