NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50183 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00725-SVW-2 |
| v. | |
| HEDWIN TRUJILLO, AKA Lalo, AKA Largo, AKA Viro, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Hedwin Trujillo appeals from the district court's judgment and challenges

the 100-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm in part and vacate and remand in part.

Trujillo contends that the district court procedurally erred by failing to solicit argument from the government, calculate the Guidelines range, address the parties' arguments, and explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. On this record, Trujillo has not established that the district court's failure to solicit argument from the government concerning the appropriate sentence affected his substantial rights. *See United States v. Waknine*, 543 F.3d 546, 553-54 (9th Cir. 2008). Moreover, the record reflects that the district court was aware of the undisputed Guidelines range, considered the parties' arguments, and sufficiently explained its reasons for imposing the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (district court need not expressly address each sentencing argument).

Trujillo next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Trujillo's criminal history. *See Gall*, 552 U.S. at 51.

Lastly, Trujillo challenges standard supervised release conditions five, six,

and fourteen in the written judgment.  The government concedes, and we agree, that these conditions are unconstitutionally vague.  *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018).  We, therefore, remand for the district court to modify conditions five, six, and fourteen consistent with our opinion in *Evans*.

**AFFIRMED in part; VACATED and REMANDED in part.**

18-50183