**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30190 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00237-JCC-4 |
| v. | |
| RUCHELL GILBERT, AKA Roe, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Ruchell Gilbert appeals from the district court's judgment and challenges the

125-month sentence imposed upon resentencing following his guilty-plea

conviction for conspiracy to distribute a controlled substance, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, and being a felon in possession of a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gilbert first contends that the district court erred by failing to consider or address the deaths of his mother and daughter as a mitigating factor. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court considered Gilbert's arguments and adequately explained its reasons for the sentence, including Gilbert's significant criminal history and the need to avoid unwarranted sentencing disparities. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court was not required to specifically address each of Gilbert's arguments. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Gilbert also contends that the district court erred by failing to determine if he was eligible for a departure under U.S.S.G. § 5K2.23, and by failing to grant the departure. We review the district court's denial of discretionary departures as part of our review of the overall substantive reasonableness of the sentence. *See United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). The district court did not abuse its discretion by imposing the above-Guidelines sentence, which is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

19-30190