**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10024 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00266-RCJ-VCF-1 |
| v. | |
| DENNIS McPHERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Dennis McPherson appeals from the district court's judgment and challenges

the 76-month sentence and one condition of supervised release imposed following

his guilty-plea conviction for conspiracy to distribute oxycodone, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.  We have jurisdiction under 28 U.S.C.

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

McPherson first contends that the district court erred by applying a four-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(a). We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The district court did not abuse its discretion in imposing the enhancement because the facts showed that McPherson was the primary source of supply for the distributors in the conspiracy and that he collected a larger share of the sales. *See* U.S.S.G. § 3B1.1 cmt. n.4; *United States v. Ingham*, 486 F.3d 1068, 1075-76 (9th Cir. 2007). The record does not support McPherson's contention that the district court relied on clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

McPherson next contends that the district court procedurally erred by failing to consider mitigating evidence and respond to his arguments in favor of a lower sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects the district court considered McPherson's arguments and the 18 U.S.C. § 3553(a) factors, understood its discretion to vary from the Guidelines based on a policy disagreement, and thoroughly explained its reasons for imposing the within-

Guidelines sentence, including the nature and seriousness of the offense and the need to protect the public. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (sentencing judge need not expressly address every sentencing argument). Moreover, contrary to McPherson's contention, the sentence is substantively reasonable in light of the § 3553(a) factors and totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Lastly, McPherson argues that the condition of supervised release that permits the probation officer to require him to notify people and organizations to whom probation determines he poses a risk is unconstitutionally vague. We are not persuaded. The condition mirrors the amended language of U.S.S.G. § 5D1.3(c)(12), and does not include the language we found to be unconstitutionally vague in *United States v. Evans*, 883 F.3d 1154, 1163-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018) (discussing with approval the amended language of U.S.S.G. § 5D1.3(c)(12)). Moreover, the district court's reasons for imposing the condition are apparent from the record. *See United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010).

**AFFIRMED.**

19-10024