**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10103 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-01976-JGZ-LCK-1 |
| v. | |
| CARLOS MAURICIO CHAPAS-TORRES, AKA Nelidio Doblado-Flores, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 6, 2020**

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Carlos Mauricio Chapas-Torres appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chapas-Torres contends that the district court procedurally erred by failing to (1) calculate the Guidelines range; (2) confirm that he had read the presentence report ("PSR") as required by Federal Rule of Criminal Procedure 32(i)(1)(A); and (3) sufficiently address his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

While the district court did not explain how it arrived at the Guidelines range of 24-30 months, it stated that it was adopting that range, which had been calculated by the probation officer and agreed to by Chapas-Torres. Moreover, the record reflects that the court confirmed with Chapas-Torres's counsel that he had reviewed the PSR with Chapas-Torres, which Chapas-Torres did not dispute when the court addressed him immediately after counsel's response. Finally, the record reflects that, though the district court did not specifically address each of Chapas-Torres's mitigating arguments, it sufficiently explained the within-Guidelines sentence. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008). On this record, Chapas-Torres has not established that, but for any of the alleged errors, there is a "reasonable probability" that he would have received a lower sentence. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Chapas-Torres suggests that, had the court not erred in the ways he asserts, he might have objected to the calculation of his criminal history points, on the

ground that he did not know he was on supervised release when he committed the instant offense. However, even accepting that he would have made such an objection, it would have been unavailing because the PSR established, by reliable information, that Chapas-Torres was on supervised release at the time he committed the instant offense, which is all that the Guidelines require. *See* U.S.S.G. § 4A1.1(d) & cmt. n.4.

Chapas-Torres's untimely streamlined request for an extension of time to file the reply brief is denied.

**AFFIRMED.**