NOT FOR PUBLICATION

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50346 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00977-JLS-1 |
| v. | |
| MARCO JORDAN DUENAS-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 8, 2021[**]

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

Marco Jordan Duenas-Garcia appeals from the district court's judgment and challenges the 18-month sentence imposed upon his second revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Duenas-Garcia contends that the district court procedurally erred by failing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to address his mitigating circumstances, failing to explain the sentence adequately, and relying on the need to punish the underlying violation conduct. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Duenas-Garcia's arguments and adequately explained its reasons for imposing a within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (district court need not specifically address each of the defendant's arguments to show that it has considered them). Duenas-Garcia has not shown that, had the court said more, there is a "reasonable probability" he would have received a different sentence. *See United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). Finally, the record reflects that the court considered only permissible sentencing factors and imposed the sentence to sanction Duenas-Garcia's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Duenas-Garcia also alleges that his sentence is substantively unreasonable. In light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, the district court did not abuse its discretion by imposing the 18-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**