**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10314 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00324-LRH-CWH-1 |
| v. | |
| JOHN M. MOORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

John M. Moore appeals from the district court's judgment and challenges the

24-month sentence imposed upon his second revocation of supervised release.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Moore contends that the district court (1) procedurally erred by failing to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consider or address his arguments for a lower sentence, and (2) erred and violated his due process rights by relying on an erroneous factual finding that Moore spent "only two years" in state custody for the conduct underlying the revocation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Moore's arguments and sufficiently explained its reasons for imposing the within-Guidelines sentence, including Moore's criminal history and characteristics. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008). Even assuming the district court erred by referring to Moore's 34-month state sentence as being "only two years," Moore has not shown that this alleged error affected his substantial rights. *See United States v. Christensen*, 732 F.3d 1094, 1105-06 (9th Cir. 2013). Finally, the record does not support Moore's contention that the district court placed improper weight on the seriousness of the underlying state drug offense. Rather, the court was concerned with Moore's repeated and immediate breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (district court may consider the severity of the conduct underlying the revocation as long as it does not impose the sentence solely or primarily on that basis).

Moore further argues that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38,

51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Moore's multiple breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**