**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30147 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00300-RSL-1 |
| v. | |
| AUBREY TAYLOR, AKA Uno, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Argued and Submitted September 15, 2023
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Aubrey Taylor appeals the sentence imposed on remand after we vacated

two of his five counts of conviction and remanded for resentencing. *See United*

*States v. Taylor*, 828 F. App'x 491 (9th Cir. 2020). We have jurisdiction under 18

U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.[1]

1. Taylor raises multiple objections to the manner in which the district court

conducted the resentencing on remand. However, none of these procedural

objections were raised in the district court, either before or after the district court

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[1] Taylor's motion to strike the Government's answering brief (Dkt. 27) is denied.

announced the sentence. Indeed, after providing its oral explanation for the sentence, the district court specifically asked counsel for both sides whether there was "anything else [they] needed" the court to do, and neither side raised any further objections. Accordingly, we review only for plain error. *See United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023) (en banc) (stating that plain error would apply to sentencing objections not raised below "if the [district] court affords a party the opportunity to make" such objections, including after the oral imposition of sentence (citation omitted)); *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010) (holding that, because no objection was made after the oral imposition of sentence, plain error applied to claim that the district court's oral sentencing decision did not "adequately address and apply the sentencing factors listed in 18 U.S.C. § 3553(a)"); *see also United States v. Ceja*, 23 F.4th 1218, 1227 (9th Cir. 2022) (reaching same conclusion as to failure to object to district court's compliance with Fed. R. Crim. P. 32(i)(3)(B)). The plain error standard requires Taylor to show that (1) the district court erred; (2) the error is plain; (3) the error affected his substantial rights; and (4) leaving the error uncorrected will undermine the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Marcus*, 560 U.S. 258, 262 (2010). Taylor has not made that showing.

     a. At the resentencing, the Government noted that Taylor had re-raised on

2

remand certain objections that the district court had previously rejected at the first sentencing.  The court then stated that it was "not revisiting" anything "that [it] ruled on previously that was appealable in the previous appeal."  Taylor contends that, by taking this approach, the district court deprived him of the full de novo sentencing to which he was entitled on remand.  We disagree.  Taylor's argument presumes that the district court's comment reflected a belief that the court lacked the *authority* to revisit previously settled issues as part of a full resentencing. However, the comment could also be construed as reflecting merely a substantive decision not to reach a different conclusion with respect to such re-raised issues, given the absence of intervening direction from this court on non-appealed issues. Because there was no contemporaneous objection that might have clarified whether the court thought it lacked any authority to reconsider those issues, Taylor has not established that there was a plain error affecting his substantial rights on this score.

b.  Taylor claims that the district court violated Rule 32(i)(3)(B) by failing to resolve his objections to the presentence report and the probation office's resentencing memorandum.  Even assuming *arguendo* that the seven objections that Taylor made to these documents were ones that would trigger the requirements of Rule 32(i)(3)(B), we conclude that Taylor has failed to show any plain error.

Two of Taylor's objections involved the re-raising of objections that had

been rejected at the prior sentencing, and the district court sufficiently explained that it would adhere to those prior rulings here. Moreover, the district court explained on the record why (1) it continued to rely on what it deemed to be the credible testimony of H.S., who was the victim at issue in the two counts that had been vacated in the prior appeal; (2) it believed that the adjustment for commission of an offense while on supervision still applied; and (3) it agreed with the probation officer's calculation of the multiple-offense adjustment.

Although the district court did not specifically discuss Taylor's objection to the role adjustment for Count 4 or his contention that his criminal history was overstated, there was no plain error. The court's explicit finding that the applicable criminal history category was IV necessarily reflected the court's rejection of Taylor's argument that his criminal history was overstated. *See United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003) (holding that, even though the district court did not "specifically address" the defendant's objection to the "criminal history calculation," the court's "later adopt[ion] [of] the recommendations and findings of fact" in the presentence report was "sufficient to satisfy Rule 32"). The role adjustment for Count 4 did not affect Taylor's substantial rights. Even if the adjustment had not been applied, the final offense level would have been the same: Count 5 had the highest offense level of the three sentencing groups, and the multi-count adjustment that would be applied to that level under U.S.S.G. § 3D1.4 would

4

not have been different even if the offense level for Count 4 had not included the role adjustment. *See Ceja*, 23 F.4th at 1227 (holding that there is no plain error from an asserted failure to comply with Rule 32(i)(3)(B) where there is not a "reasonable probability" that the sentence would have changed (citation omitted)).

c. The district court adequately explained its guidelines calculation and its reasons for imposing the same below-guidelines sentence. We have held that the district court "need not tick off each of the § 3553(a) factors to show that it has considered them" and that "[w]hat constitutes a sufficient explanation" will depend upon the circumstances. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Given that this was a resentencing, the district court did not commit plain error by simply stating that it had considered all of the § 3553(a) factors and all of the "aggravating and mitigating" circumstances that had been presented and that it had decided to reimpose the same sentence—which was a full seven years below the bottom of the guidelines range. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (rejecting contention that district court failed to adequately consider the § 3553(a) factors where the record showed that the district court "apparently consider[ed]—without explicit reference—[the defendant's] mitigation arguments"). On this record, where there was no contemporaneous "request [for] a more definitive ruling," *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990), the district court's succinct explanation for its sentence did not

5

affect Taylor's substantial rights. In particular, the district court did not commit plain error in failing explicitly to explain why it found unpersuasive Taylor's contention that a 276-month sentence would be too disparate from the lower sentences that had been imposed in the collection of other cases he catalogued in his sentencing memorandum. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1195 (9th Cir. 2011) ("It does not matter for the purposes of § 3553(a) that [the defendant] can point to other criminal defendants who may have received lighter sentences under materially different circumstances." (simplified)).

2. Taylor also contends that the district judge's comments concerning one of the victims, H.S., reflected disqualifying "deep-seated favoritism" and required the district judge's recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because Taylor did not raise this objection below, we review only for plain error. There is none. We have reviewed the district judge's comments, and we are satisfied that they reflect a permissible opinion that was "properly and necessarily acquired in the course of the proceedings" and that does not provide a ground for recusal. *Id*. at 551; *see also id*. at 550–51 (holding that a judge is not "recusable for bias or prejudice" merely because, "upon completion of the evidence," he or she may "be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person").

**AFFIRMED.**

6