**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50213 |
| Plaintiff-Appellee, | D.C. No. 8:20-cr-00160-RGK-3 |
| v. | |
| VICENTE IGNACIO MORALES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 10, 2024
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Vicente Ignacio Morales appeals the 120-month sentence imposed by the district court after a jury found Morales guilty of one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not clearly err in denying Morales an offense level

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reduction for acceptance of responsibility. *See United States v. Fisher*, 137 F.3d 1158, 1167 (9th Cir. 1998). In certain "rare" cases, a defendant who is convicted at trial may be eligible for an acceptance of responsibility reduction. *United States v. Dixon*, 984 F.3d 814, 824 (9th Cir. 2020). "Even a defendant who contests his factual guilt may, under some circumstances, be entitled to such an adjustment." *United States v. Ochoa-Gaytan*, 265 F.3d 837, 843 (9th Cir. 2001) (citation omitted); *see also United States v. Hernandez*, 894 F.3d 1104, 1110 (9th Cir. 2018) (explaining that a district court "may not deny the reduction because of th[e] defendant's] choice [to go to trial] in spite of other manifestations of sincere contrition.") (emphasis omitted).

Morales contends that the district court denied him acceptance points solely because he proceeded to trial. The record does not support that conclusion. Although the district court acknowledged that Morales went to trial, it made clear that additional factors (denoted with an "et cetera") influenced its decision. The district court's adverse credibility finding supported its determination that Morales was not genuinely contrite, as did other evidence in the record, including the parties' pretrial joint statement of the case. Although there is evidence that Morales accepted responsibility for his conduct on January 8, 2020, prior to, during, and after trial, the "district court's view of the evidence is plausible in light of the record viewed in its entirety" and, thus, "cannot be clearly erroneous, even if

the reviewing court would have weighed the evidence differently." *United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014).

2. The district court did not err in failing to apply the safety valve reduction because the district court did apply the reduction. Although Morales may no longer qualify for the reduction after *Pulsifer v. United States*, 144 S. Ct. 718 (2024), the government, which did not cross-appeal the sentence, has waived the issue.

3. The district court did not violate Federal Rule of Criminal Procedure 32 by failing to address Morales's objections to the presentence report ("PSR"). Rule 32's requirements are triggered only when the defendant challenges the "factual accuracy of . . . matters contained in the presentence report." *United States v. Fernandez-Angulo*, 897 F.2d 1514, 1516 (9th Cir. 1990). Morales objected to the PSR's characterization of his and codefendants' roles and the inferences that could be drawn from the PSR's factual statements. But Rule 32 is not triggered by objections to the PSR's characterizations of the record—*i.e.*, the Probation Officer's "conclusions" or "opinions"—nor the inferences that may or may not be drawn from the facts. *See United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013); *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990).

4. The district court did not abuse its discretion in denying Morales a minimal role adjustment. Morales points to the district court's inadvertent use of

the word "variances" instead of "adjustments" as support for the view that the district court misapplied the law. But the district court's stray remark is insufficient standing alone to overcome the presumption that the district court knew the law, which the parties thoroughly briefed and discussed before the district court. *United States v. Diaz*, 884 F.3d 911, 915 (9th Cir. 2018). Nor is the district court required to tick off the applicable sentencing factors to show that it considered them. *Id.* at 914.

The record reflects that codefendant Zarate could not have procured the methamphetamine without Morales's knowledge, guidance, and assistance, and that Morales benefitted financially from the arrangement. Morales exercised his discretion to assist Zarate, to take Zarate and the confidential informant ("CI") to the tire shop, to procure methamphetamine on the CI's behalf, and to sell an additional quantity of methamphetamine to the CI back at Zarate's residence. Considering the average culpability of the likely participants based on the factors listed at comment 3(C) to U.S.S.G. § 3B1.2, a fair-minded jurist reasonably could conclude that Morales was not "plainly among the least culpable of those involved." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022) (quoting U.S.S.G. § 3B1.2, cmt. 4).

5. The district court did not clearly err in explaining its decision not to vary below the Guidelines sentencing range. The district court stated on the record that

4

it considered the parties' positions and, "particularly[,] the presentence report," which together summarized Morales's mitigation arguments in compelling detail. The district court addressed Morales directly regarding his struggle with addiction, which was one basis for Morales's request for a downward variance, and it further explained that it imposed a low-end sentence to avoid any "disparity in sentence," an additional factor to be considered under § 3553(a). On this record, we cannot conclude that the district court obviously and clearly failed to consider Morales's arguments or lacked any reasoned basis for declining to vary below the guidelines. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

6. Finding no clear error or abuse of discretion, we cannot conclude that vacatur of Morales's sentence is warranted on a theory of cumulative error. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012), *cert. denied*, 568 U.S. 829 (2012).

**AFFIRMED.**